UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DOMULOT, derivatively on behalf of SKYE BIOSCIENCE, INC.,<br>Plaintiff,<br>v.<br>PUNIT DHILLON, KAITLYN ARSENAULT, DEBORAH CHARYCH, PAUL GRAYSON, ANNALISA JENKINS, ANDREW J. SCHWAB, KAREN SMITH, and CHRISTOPHER TWITTY,<br>Defendants,<br>and<br>SKYE BIOSCIENCE, INC.,<br>Nominal Defendant. | Case No.: 3:26-cv-00600-WQH-DEB |
| DILLAN WHITE, Derivatively on behalf of SKYE BIOSCIENCE, INC.,<br>Plaintiff,<br>v. | Case No.: 3:26-cv-02776-WQH-DEB |

PUNIT DHILLON, KAITLYN ARSENAULT, CHRISTOPHER G. TWITY, DEBORAH CHARYCH, PAUL GRAYSON, ANNALISA JENKINS, ANDREW J. SCHWAB, and KAREN SMITH,

Defendants,

and

SKYE BIOSCIENCE, INC.,

Nominal Defendant.

**ORDER**

HAYES, Judge:

The matter before the Court is the Joint Motion to Consolidate Related Shareholder Derivative Actions and Plaintiffs' Motion to Appoint Co-Lead Counsel in *Domulot v. Dhillon et al.*, Case No. 26-cv-00600-WQH-DEB ("*Domulot*") and *White v. Dhillon et al.*, Case No. 26-cv-02776-WQH-DEB ("*White*") (collectively "Related Actions"). (*Domulot*, ECF No. 9.)

## I. BACKGROUND

The instant cases are shareholder derivative actions brought on behalf of nominal defendant Skye Bioscience, Inc. ("Skye") by Randy Domulot ("Domulot") and Dillan White ("White") (collectively, "Plaintiffs") against current and former officers and directors of Skye ("Individual Defendants") and Skye Bioscience (collectively, "Defendants"). (*Domulot*, ECF No. 1 at 2; *White*, ECF No. 1 at 2.)

The *Domulot* action was filed on January 29, 2026 by Plaintiff Randy Domulot, and the *White* action was filed on May 5, 2026 by Dillan White. (*Domulot*, ECF No. 1; *White*, ECF No. 1.) Plaintiffs are Skye shareholders who allege that from November 4, 2024, to October 3, 2025 (the "Relevant Period"), the Individual Defendants breached their fiduciary duties, were unjustly enriched, abused control, engaged in gross mismanagement and waste of corporate assets, and violated certain sections of the Securities Exchange Act of 1934.

(*Domulot*, ECF No. 1 at 2, 6; *White*, ECF No. 1 at 3, 5.)[1] According to the Plaintiffs, the Individual Defendants disseminated a series of false and misleading statements regarding Skye's business, operations, and prospects during the Relevant Period. (*Domulot*, ECF No. 1 at 4; *White*, ECF No. 1 at 4.) Once the truth was revealed through a press release on October 6, 2025, the price of Skye's stock dropped 60%. (*Domulot*, ECF No. 1 at 3; *White*, ECF No. 1 at 4.) Both complaints seek damages and restitution awarded to Skye and seek instruction directing Skye and the Individual Defendants to take all necessary actions to reform and improve Skye's corporate governance and internal procedures. (*Domulot*, ECF No. 1 at 55; *White*, ECF No. 1 at 49.)

On February 20, 2026, Domulot and Defendants filed a Joint Stipulation to Stay Action. (*Domulot*, ECF No. 6.) On February 27, 2026, the Court granted the Joint Stipulation to Stay Action until (i) the resolution of any motion to dismiss the complaint or any amended complaints in *Stout v. Skye BioScience, Inc.*, et al., Case No. 3:25-cv-03177-WQH-DEB ("*Stout*"), another action against Skye currently pending before this Court, and (ii) the stay under the Private Securities Litigation Reform Act is lifted in *Stout*. (*Domulot*, ECF No. 8 at 2.)

On July 21, 2026, White and Defendants filed a Joint Stipulation to Stay Action. (*White*, ECF No. 12.) On July 22, 2026, the Court granted the Joint Stipulation to Stay Action until (i) the resolution of any motion to dismiss the complaint or any amended complaints in *Stout* and (ii) the stay under the Private Securities Litigation Reform Act is lifted in *Stout*. (*White*, ECF No. 13 at 2.)

On August 11, 2026, all parties filed a Joint Motion to Consolidate Shareholder Derivative Actions seeking consolidation of the Related Actions. (*Domulot*, ECF No. 9.) Separately, and not joined by Defendants, Plaintiffs moved for an order appointing The Brown Law Firm, P.C. and Lifshitz Law PLLC as Co-Lead Counsel for plaintiffs in the

[1] The *White* Complaint alleges the wrongful conduct continues through present as Skye's internal controls remain deficient. (*White*, ECF No.1 at 3.)

consolidated derivative action. (*Domulot*, ECF No. 9.) Defendants did not take a position as to the appointment of Co-Lead Counsel. (*Domulot*, ECF No. 9 at 6.)

The *Domulot* and *White* stays are lifted for the limited purpose of ruling on the two pending motions currently before the court.

## II. DISCUSSION

### A. Consolidation

Federal Rule of Civil Procedure 42 states that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The United States Supreme Court has written that federal district courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). The Ninth Circuit has endorsed the same principle. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008).

Consolidation is a tool used to promote the efficiency of judicial proceedings. *See Deguzman v. Anderson*, No. 25-CV-1964-JLS-VET, 2025 WL 3214994, at *2 (S.D. Cal. Nov. 17, 2025) (noting consolidation can avoid "the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact"). In exercising its discretion to order consolidation of multiple actions presenting common issues of law or fact under Rule 42(a), a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).

Here, the Related Actions involve overlapping questions of law and fact, including claims alleging violations of the federal securities laws, breaches of fiduciary duties, and unjust enrichment under state law. (*Domulot*, ECF No. 9 at 5.) Further, the Related Actions are brought against the same defendants and involve the same predicate facts. *Id.* Additionally, the Related Actions involve claims that require "substantially similar motion practice, discovery, witnesses, documentary evidence, and trial considerations." *Id.* Consolidation is appropriate under these circumstances. *See Silva on behalf of Dexcom, Inc. v. Sayer*, No. 24-CV-1645-RSH-VET, 2024 WL 5145970, at *2 (S.D. Cal. Dec. 16,

2024) (granting consolidation when the actions involved the same defendants, violations, and predicate facts); *Lee ex rel Coherent, Inc. v. Ambroseo*, No. C 07-0955 JF (HRL), 2007 WL 1558565, at *1 (N.D. Cal. May 29, 2007) (same); *see also Huene*, 743 F.2d at 704 (explaining how district courts consider the saving of time and effort consolidation would produce). The Joint Motion (*Domulot*, ECF No. 9) is granted with respect to consolidation.

**B. Appointment of Co-Lead Counsel**

Upon consolidation, pursuant to Rule 42(a), the district court, "may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases." *Hacker v. Peterschmidt*, No. C 06-03468, 2006 WL 2925683, at *2 (N.D. Cal. Oct. 12, 2006). The rationale for appointing co-lead counsel is to create an efficient case management structure in complex litigation. *See Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 WL 3749780, at *2 (N.D. Cal. July 30, 2014) (noting a district court has the inherent authority to appoint lead counsel to create efficient case management).

When appointing co-lead counsel, courts consider assessing the counsel's qualifications, experience, competence, ability to work together, and commitment to prosecuting the action on behalf of the plaintiffs. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. on behalf of Wells Fargo & Co. v. Stumpf*, No. C 11-2369 SI, 2011 WL 13269288, at *2 (N.D. Cal. Aug. 3, 2011) (explaining the court must determine if the proposed co-lead counselors are able to work together considering style and approach); *See* Court's Responsibilities, Ann. Manual Complex Lit. § 10.224 (4th ed.) (noting several important factors to consider when assessing appointment of counsel).

Here, Domulot is represented by The Brown Law Firm, P.C., and White is represented by Lifshitz Law PLLC. (*Domulot*, ECF No. 1; *White*, ECF No. 1.) Both firms submitted resumes describing their respective extensive experience and successes in securities litigation. (*Domulot*, ECF Nos. 9-1 and 9-2.) Both firms assert they are committed to obtaining "the best result for Skye Bioscience and its shareholders." (*Domulot*, ECF No. 9 at 12.) Filings in the Related Actions thus far demonstrate the willingness of these firms to "work cooperatively and evenly with each other." *Id*.

Based on the experience of these firms in matters similar to this action, and given the Defendants do not oppose this motion at this stage in the proceedings (*Domulot*, ECF No. 9), the appointment of The Brown Law Firm, P.C. and Lifshitz Law PLLC as co-lead counsel is appropriate. Plaintiffs' Motion to appoint Co-Lead Counsel (*Domulot*, ECF No. 9) is granted.

## III. CONCLUSION

IT IS HEREBY ORDERED that the Joint Motion to Consolidate Shareholder Derivative Actions (*Domulot*, ECF No. 9) is granted. The following cases are consolidated for all purposes under 3:26-cv-00600-WQH-DEB (the "Consolidated Action"): *Domulot v. Dhillon et al.*, Case No. 26-cv-00600-WQH-DEB; *White v. Dhillon et al.*, Case No. 26-cv-02776-WQH-DEB.

IT IS FURTHER ORDERED that the Plaintiffs' Motion to Appoint Co-Lead Counsel (*Domulot*, ECF No. 9) is granted. The Court appoints The Brown Law Firm, P.C. and Lifshitz Law PLLC as Co-Lead Counsel.

IT IS FURTHER ORDERED that all future documents filed in connection with the Consolidated Action shall be filed under Lead Case No. 3:26-cv-00600-WQH-DEB. All documents previously filed in the *White* action shall be deemed a part of the record in the Consolidated Action.

IT IS FURTHER ORDERED that all future filings in the Consolidated Action shall bear the following caption:

| | |
|---|---|
| Domulot v. Dhillon et al<br>______________________________<br>This document relates to:<br>Case No.: 3:26-cv-00600-WQH-DEB<br>Case No.: 3:26-cv-02776-WQH-DEB | Lead Case No.: 3:26-cv-00600-WQH-DEB |

IT IS FURTHER ORDERED that the stay (*Domulot*, ECF No. 8) is reinstated as applied to the Consolidated Action until (i) the resolution of any motion to dismiss the complaint or any amended complaints in *Stout* and (ii) the stay under the Private Securities Litigation Reform Act is lifted in *Stout*. Following lifting of the stay, the parties shall address whether a consolidated complaint should be filed in the lead case.

Dated: 11/6/2026

Hon. William Q. Hayes
United States District Court